### NORTHERN PAC. R. CO. v. CITY OF SPOKANE et al.

#### (Circuit Court, D. Washington, E. D. June 22, 1893.)

1. DEDICATION—PLAT—INSCRIPTION.

The Northern Pacific Railroad Company, through its agents, made an addition to a town on one of the sections granted to it by congress, and sold lots with reference to a recorded plat thereof. By the inscription on the plat it was declared that the streets shown thereon were dedicated to the use by the public, "except that strip of land 225.7 feet in width, designated as 'Railroad Street,' which is reserved for the tracks and use of said railroad company." On the plat, M. street, which was an extension of M. street in the original town, was shown extending continuously across Railroad street. *Held*, that the exception in the inscription did not operate to reserve Railroad street to the exclusive use of the company at the place of intersection with M. street, and the company had no right to erect a depot within the limits of Railroad street, and extending across M. street, so as to block the crossing.

2. SAME—RAILROAD COMPANIES—ULTRA VIRES.

The dedication of streets intersecting its right of way was not ultra vires the railroad company, for this was not an alienation of its right of way so as to interfere with the purpose of the grant made by congress.

3. SAME.

The company could not be allowed, so long as it had facilities for handling its business conveniently, to maintain a depot across the dedicated street, on the ground that, by thus having room near the business center of the city for its trains to stand without being divided, it would acquire a decided advantage over competing roads.

In Equity. Bill by the Northern Pacific Railroad Company to restrain the city of Spokane and others from destroying a depot which is alleged to be an obstruction to a street crossing, and also from preventing the erection of a new depot. The temporary restraining order was heretofore dissolved in so far as it forbade the hindering or obstruction of the railroad company in the erection of a new depot. 52 Fed. Rep. 428. The cause is now on final hearing. Bill dismissed.

Ashton & Chapman and McBride & Allen, for complainant.
P. F. Quinn and George Turner, for defendants.

HANFORD, District Judge. The general nature of the controversy in this suit is sufficiently stated, in my opinion, upon the motion to dissolve the temporary restraining order, reported in 52 Fed. Rep. 428. The question in the case is whether Mill street in the city of Spokane is a continuous thoroughfare across

the right of way of the Northern Pacific Railway, or across Railroad street, in which the tracks of said railway are laid, or whether said Mill street is interrupted so that the area within the lines of said street extended across the right of way is private property, to which the Northern Pacific Railroad Company has the exclusive right. The evidence proves that the ground in dispute is within Railroad addition to the city of Spokane, which addition is located upon one of the odd-numbered sections granted to the Northern Pacific Railroad Company, and was platted by agents of said company, with streets conforming to the plan of said city as laid out by its founders. A plat of said addition was in the year 1880 filed for record conformably to the statutes of Washington Territory relating to the platting of cities and towns, and additions thereto, with the following inscription thereon:

"The annexed plat contains a description and designation of the Railroad addition to Spokane Falls, in Spokane county, Washington Territory, laid out by the Northern Pacific Railroad Company in section 19, township 25 north, range 43 east of the Willamette Meridian, and situated upon the north half of said section, as shown upon said plat. The width of the streets and alleys and the size of the lots and blocks are as designated in the plat and explanations. The streets shown upon said plat are dedicated to the use by the public until lawfully vacated, except that strip of land 225.7 feet in width, designated as 'Railroad Street,' which is reserved for the tracks and use of said railroad company.

[Signed]　　　　　　　　　　　　　　"John W. Sprague,
"General Superintendent and Agent, Northern Pacific Railroad Co."

Said plat shows Mill street extending continuously across Railroad street, and the evidence in the case shows the same to be a continuation of Mill street in the original town. The complainant has recognized the plat of said addition in the sale of lots, so that it can avail nothing to question the authority of the company's agents to lay off said addition, and record the plat. A sale of lots with reference to a plat upon which streets and alleys are shown operates as an irrevocable dedication of such streets and alleys, so that the proprietor cannot afterwards deprive his vendees of the right to have the streets and alleys devoted to use as public highways, although he may not have previously acknowledged the plat. 2 Dill. Mun. Corp. (3d Ed.) § 640.

There is no rule or reason to support the contention of the complainant that by the inscription on the plat an exception is made of Railroad street, so that the streets at right angles therewith terminate at the margins thereof. The marginal lines of Railroad street upon the plat are not extended across the intersecting streets. The area of the intersection of the two streets appears to be as much a part of Mill street as of Railroad street, and there is nothing upon the plat indicating an exception or reservation of any part of Mill street, nor of an intention that said area should not be a place for people to cross the company's right of way and tracks. The plat is, in legal effect, a grant to the public of an easement and right to use the streets laid out thereon as thoroughfares; and whatever ambiguity there may be in the grant must be explained by applying the familiar rule for the construction and

interpretation of deeds,—that they are to be construed most strongly against the grantor. 2 Pars. Cont. 506. Therefore I hold that the rights reserved as to Railroad street are subordinate to the public easement granted by the dedication of Mill street.

Officers of the company have testified that a freight depot, covering the particular piece of ground in dispute, is necessary to the convenient transaction of the company's business; and upon argument counsel denied the power of the company to alienate said ground, the same being within the limits of the grant made by congress specifically for the use of the company for its right of way and terminal purposes. I assent to the proposition that the corporation cannot lawfully dispose of its right of way granted by congress, so as to defeat the purpose of congress in making the grant. But certainly the railroad was intended to be a public benefit and aid to the development of the country, and not to be a barrier. It was contemplated that towns and cities would grow up along its line. and that the coming and going of people to and from the company's depots and stations. and the transaction of business there, would necessitate the location of streets crossing the right of way. The grant is sufficiently liberal to admit of such crossings without crippling the railroad or impairing its usefulness. I think that the dedication of the streets in Railroad addition cannot be held to be ultra vires, consistently with a reasonable construction of the act creating the Northern Pacific Railroad Company. Its officers have not so construed the franchise in transacting the company's land business. When the plat was made, Spokane was but a prospective city, and energetic people have since made it an actual city, covering a large territory on both sides of Railroad street. To now cut the city in twain by decreeing that the right of way is, in contemplation of law, a wall without gates or passageways, would be the perpetration of a monstrous wrong. The necessities of the company do not require this. A new freight depot has been erected since this suit was commenced upon a site as near to the heart of the city as a railroad freight depot ought to be located. The only pretext for insisting upon closing Mill street by extending a freight depot across it is that by having room so near to the business center for trains to stand without being divided the company will hold a position of decided advantage over its competitors for the traffic of Spokane. A freight depot and yard situated so as to obstruct the shortest and most natural routes between the principal residence district and the retail stores, office buildings, and hotels of the city must necessarily be a source of annoyance to many people. It is true. therefore, that no other railroad can be expected to ever secure such a location for such use, and the Northern Pacific Railroad Company, if permitted to have its way in this matter, would indeed be alone in the enjoyment of whatever advantage there may be in holding such a location; but, so long as the company has facilities for handling its traffic conveniently, this plea merits no

consideration. I do not think that a case for an injunction has been made out.

Decree that the suit be dismissed, with costs.